Bradford G. Hughes (State Bar No. 247141)
BHughes@ClarkHill.com
CLARK HILL LLP
1055 W. 7th Street, 24th Floor
Los Angeles, California 90017
Telephone: 213.891.9100
Facsimile: 213.488.1178

Gregory N. Longworth
GLongworth@ClarkHill.com
CLARK HILL PLC
200 Ottawa NW, Suite 500
Grand Rapids, Michigan 49503
Telephone: 616.608.1100
Facsimile: 616.608.1199

Daniel J. Dulworth
DDulworth@ClarkHill.com
CLARK HILL PLC
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Telephone: 313. 965.8300
Facsimile: 313.965.8252

John J. Bursch
JBursch@burschlaw.com
BURSCH LAW PLLC
9339 Cherry Valley Ave. SE, #78
Caledonia, MI 49316
Telephone: 616.450.4235

Attorneys for Plaintiffs and Proposed Class

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GABRIELE; JEN-FANG LEE; STACY PENNING; CHARLES FRIEDRICHS, AS INDIVIDUALS, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiffs,<br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021; NATIONAL EDUCATION ASSOCIATION OF THE UNITED STATES; CALIFORNIA TEACHERS ASSOCIATION; CALIFORNIA FACULTY ASSOCIATION; | Case No. 2:19-cv-00292-MCE-KJN<br><br>**PLAINTIFFS' FIRST AMENDED CLASS-ACTION COMPLAINT** |

SERVICE EMPLOYEES INTERNATIONAL UNION,

Defendants.

## INTRODUCTION

On June 27, 2018, the United States Supreme Court decided Janus v. AFSCME, 138 S. Ct. 2448 (2018), holding that an agency-fee scheme – fair share service fees in the language of the California Government Code – violates the free speech rights of public employees who elect not to join a public-sector union and who do not affirmatively consent to pay agency fees.

## PARTIES

1. Plaintiff Mark Gabriele resides in the Sacramento County, California. Mr. Gabriele was at all times relevant hereto, an employee of the State of California for the California Department of Tax and Fee Administration. As such, Mr. Gabriele was a "state employee" within the meaning of the CAL. GOV'T. CODE § 3515. He is not and was not a member of the union representing employees at her workplace and has not affirmatively consented to pay fair share fees to the union. Yet, prior to *Janus*, he was required, as a condition of his employment, to pay fair share fees to Service Employees International Union, Local 1000 ("Local 1000"), portions of which are forwarded to Service Employees International Union ("SEIU").

2. Plaintiff Jen-Fang Lee resides in the Santa Clara County, California. Ms. Lee was at all times relevant hereto, an employee of the State of California for the California Disability Insurance Office. As such, Ms. Lee was a "state employee" within the meaning of the CAL. GOV'T. CODE § 3515. She is not and was not a member of the union representing employees at her workplace and has not affirmatively consented to pay fair share fees to the union. Yet, prior to *Janus*, she was required, as a condition of his employment, to pay fair share fees to Local 1000, portions of which are forwarded to SEIU.

3. Plaintiff Stacy "Ed" Penning resides in the Contra Costa County, California. Mr. Penning was at all times relevant hereto, an employee of the City and County of San Francisco

working for the San Francisco Public Utilities Commission. As such, Mr. Penning was a "local employee" within the meaning of the CAL. GOV'T. CODE § 3508.5. He is not and was not a member of the union representing employees at his workplace and has not affirmatively consented to pay agency fees to the union. Yet, prior to *Janus* he was required, as a condition of his employment, to pay agency fees to SEIU, Local 1021 ("Local 1021"), portions of which are forwarded to SEIU.

4. Plaintiff Charles Friedrichs resides in the County of Orange, California. Plaintiff Charles Friedrichs is a retired college professor for the California State University ("CSU") at San Diego State University in the State of California. As such, Mr. Friedrichs was a "higher education employee" within the meaning of the CAL. GOV'T. CODE § 3562. He is not and was not a member of the union representing CSU's employees and has not affirmatively consented to pay fair share service fees to the union. Yet, prior to *Janus*, he was required, as a condition of his employment, to pay fair share service fees to California Faculty Association, portions of which are forwarded to California Teachers Association and National Education Association of the United States.

5. Defendant Local 1000 is an "employee organization" as defined by CAL. GOV'T. CODE § 3513(a), and has been recognized as the exclusive representative under said law for collective bargaining purposes of many state employees including Plaintiffs Gabriele and Lee. Prior to *Janus*, it received a portion of the fair share fees that were extracted from Plaintiffs Gabriele and Lee, and other employees under California agency-shop laws. On information and belief, Local 1000 is a nonprofit corporation formed and existing under the laws of the State of California and conducts its business and operations throughout the State of California. Local 1000 forwarded to SEIU a portion of the fair share fees Local 1000 collected.

6. Defendant Local 1021 is an "employee organization" as defined by CAL. GOV'T. CODE § 3501(a), and has been recognized as the exclusive representative under said law for collective bargaining purposes of many local employees including Plaintiff Penning. Prior to *Janus*, it received a portion of the fair share fees that were extracted from Plaintiff Penning and other employees under California agency-shop laws. On information and belief, Local 1021 is a nonprofit corporation formed and existing under the laws of the State of California and conducts

its business and operations throughout the State of California. Local 1021 forwarded to SEIU a portion of the agency fees Local 1021 collected.

7. Defendant Service Employees International Union ("SEIU") is a labor union organization having more than 21 million members who are public workers, healthcare workers, building service workers, office workers, professional workers, and industrial and allied workers. SEIU charged a per capita tax from all of its local unions, including Local 1000 and Local 1021, for each agency or fair-share fee payer such as Plaintiffs Gabriele, Lee, and Penning.

8. Defendant National Education Association of the United States ("NEA") is the largest teachers' union in the United States and one of the largest public-sector unions. Prior to *Janus*, it received a portion of the fair share service fees that were extracted from Plaintiff Friedrichs and other higher education employees under California agency-shop laws. It also received portions of agency fees paid by persons in other states who are not union members. NEA is a major participant in political activities at the national, state, and local levels. NEA is headquartered in Washington DC and engages in business throughout California including the County of Orange.

9. Defendant California Teachers Association ("CTA") is the state affiliate of NEA. It is the largest teachers' union in California. Prior to *Janus*, it received a portion of the fair share service fees that were extracted from Plaintiff Friedrichs and other higher education employees under California agency-shop laws. CTA is a major participant in political activities at the state and local levels.

10. Defendant California Faculty Association ("CFA") is an "employee organization" and the "exclusive representative" of employees of CSU, as defined in the CAL. GOVT. CODE § 3562. Prior to *Janus*, it received a portion of the fair share service fees that were extracted from Plaintiff Friedrichs and other higher education employees under California agency-shop laws. On information and belief, CFA was formed and existing under the laws of the State of California. CFA is a major participant in political activities at the state and local levels. CFA is headquartered in Sacramento, California, and engages in business throughout California including the County of Orange.

## JURISDICTION AND VENUE

11. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 1367, and 2201.

12. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more of the defendants reside in this judicial district and all defendants are residents of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions giving rise to the claim occurred and a substantial part of property that is the subject of this action is situated, in this judicial district.

## GENERAL ALLEGATIONS

13. Under CAL. GOVT. CODE § 3515, "State employees also shall have the right to refuse to join or participate in the activities of employee organizations, except that nothing shall preclude the parties from agreeing to a maintenance of membership provision, as defined in subdivision (i) of Section 3513, or a fair share fee provision, as defined in subdivision (k) of Section 3513, pursuant to a memorandum of understanding."

14. Similarly, while a local employee may choose not to join or participate in the activities of employee organizations, under CAL. GOVT. CODE § 3508.5, the local employee's employer deducted an agency fee from the local employee's wages and provided the agency fees to the employee organization.

15. Plaintiffs Lee, Gabriele, and Penning chose not to join Local 1000 or Local 1021 or SEIU. Nevertheless, under CAL. GOVT. CODE §§ 3508.5 and 3515, their employers withheld from Plaintiffs Gabriele, Lee, and Penning wages fair-share or agency fees and paid those fees to Defendants Local 1000 and Local 1021.

16. Under CAL. GOVT. CODE § 3583.5(a), "any employee of the California State University… who is in a unit for which an exclusive representative has been selected pursuant to this chapter, shall be required, as a condition of continued employment, either to join the recognized employee organization or to pay the organization a fair share service fee."

17. Plaintiff Friedrichs chose not to join CFA. Nevertheless, under CAL. GOVT. CODE § 3583.5, his employer had withheld from Plaintiff Friedrichs pay fair share service fees and paid

those fees to Defendant CFA. Defendant CFA forwarded portions of these fees to Defendant CTA and either Defendant CFA or Defendant CTA forwarded portions of these fees to Defendant NEA.

18. These agency-fee schemes violated the free speech rights of Plaintiffs by compelling them to subsidize private speech on matters of substantial public concern, as the Supreme Court recognized in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). No compelling or otherwise sufficient governmental interest justifies the compulsory political representation imposed on these workers. *Id.* at 2463-65 . As a result, "public-sector agency-shop arrangements" like those here "violate the First Amendment." *Id.* at 2478.

19. Plaintiffs are bringing this action at this time to preserve the class members' ability to seek retrospective relief against the defendants for as far back as the applicable statutes of limitations will allow.

## CLASS ALLEGATIONS

20. Plaintiffs bring this class action under Fed. R. Civ. P. 23(b)(1)(A), (b)(2), and (b)(3). The class comprises each individual who: (1) is not a member of a union; (2) has had fair share fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to one of the Defendant Unions; and (3) has not affirmatively consented in writing to pay the fees. The class includes everyone who comes within the class definition at any time covered by the claims and until the conclusion of this action.

21. Plaintiffs also assert the following subclasses:

    a. The "Local 1000 Subclass" comprises each individual who: (1) is not a member of Local 1000; (2) has had fair share fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to Local 1000; and (3) has not affirmatively consented in writing to pay the fees.

    b. The "Local 1021 Subclass" comprises each individual who: (1) is not a member of Local 1021; (2) has had fair share fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to Local 1021; and (3) has not affirmatively consented in writing to pay the fees.

  c. The "SEIU Subclass" comprises each individual who (1) is not a member of an SEIU local union; (2) has had fair share fees or agency fees deducted from the money paid to him/her by his/her employer, a portion of which fees have been remitted to SEIU; and (3) has not affirmatively consented in writing to pay the fees.

  d. The "NEA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees or union agency fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to NEA; and (3) has not affirmatively consented in writing to pay the fees.

  e. The "CTA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted to CTA; and (3) has not affirmatively consented in writing to pay the fees.

  f. The "CFA Subclass" comprises each individual who: (1) is not a member of a union; (2) has had fair share service fees deducted from the money paid to him/her by his/her employer, which fees have been remitted CFA; and (3) has not affirmatively consented in writing to pay the fees.

 22. The number of persons in the class and each subclass makes joinder of the individual class members impractical.

 23. There are questions of fact and law common to the class and the subclasses. Factually, all class and subclass members are public employees and union nonmembers compelled to pay fair share fees, agency fees, or fair share service fees to Defendants as a condition of employment. Legally, the U.S. Constitution affords the same rights under the First Amendment to every member of the class as the Supreme Court recently held in *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). Among the common questions are: (1) whether the requirement of paying the fair share service fee or agency fee is constitutional; (2) whether the withholding of the fair share service fee or agency fee is a tort under state law; and (3) whether Defendants are obligated to refund fair share fees that have been unlawfully extracted.

24. Plaintiffs' claims are typical of other members of the class and the respective subclasses because each member of the class or subclass has declined to join a union, yet was forced under state law and contract provisions to financially support the union and its inherently political activities.

25. Plaintiffs adequately represent the interests of the class and their respective subclasses and they have no interests antagonistic to the class. Further, the undersigned counsel is experienced in the litigation of constitutional deprivations, including First Amendment claims, and class action litigation.

26. A class action may be maintained under Rule 23(b)(1)(A) because separate actions by class and subclass members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

27. A class action may be maintained under Rule 23(b)(2) because final injunctive relief and corresponding declaratory relief is appropriate respecting the class and subclasses as a whole. Plaintiffs and the class are also entitled to recover incidental monetary relief that will not involve individualized determinations concerning Plaintiffs' and the class members' entitlement to monetary relief.

28. A class action may be maintained under Rule 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual members. In addition, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Among other things, all class and subclass members are subjected to the same violation of their constitutional rights but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

29. Plaintiffs, by and through his counsel of record, maintain that the class action could be maintained without notice to the proposed class under FRCP 23(b)(1) or (2). To the extent notice is required, Plaintiffs, by and through their counsel of record, will obtain court approval of the manner and nature of the notice to be given.

# CAUSES OF ACTION

## Count I – Section 1983

30. Plaintiffs reallege and incorporate by reference all preceding paragraphs of their Complaint.

31. Defendants are acting under the color of state law by causing, participating in, and accepting the compulsory deduction of agency fees from monies owed to the representative plaintiffs and the class members. Specifically, Plaintiffs' public employers were assisting the Defendant Unions in coercing Plaintiffs to finance the union's activities, and the unions were acting in concert with a public agency, and with authority granted by statute to deprive Plaintiffs of their constitutional rights.

32. Defendants, acting under color of state law, have created, administered, and enforced laws unlawfully requiring Plaintiffs to pay fair-share, agency, or fair share service fees to the Defendant unions as condition for Plaintiffs' employment. In so doing, Defendants have violated and continue to violate Plaintiffs' First Amendment Rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

33. State law and collective-bargaining agreements permitting and imposing compulsory fair share and fair share service fees on public employees who do not wish to associate or support a union are not narrowly tailored to serve a compelling government interest.

34. By compelling Plaintiffs and the class members to financially support the unions, including for purposes of speaking to, petitioning, and otherwise lobbying the Plaintiffs' employers or Trustees with respect to political matters such as the negotiation and enforcement of collective bargaining rights and obligations, Defendants are abridging and violating the rights of Plaintiffs and the class members to freedom of association and freedom of speech, and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

35. Defendants have violated Plaintiffs' First Amendment rights of freedom of speech and association as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION

### (Conversion)

36. Plaintiffs reallege and incorporate by reference all preceding paragraphs of their Complaint.

37. Plaintiffs, at all times relevant hereto, owned and/or had the sole right to possession of the monies withheld from them in the form of fair-share, agency, or fair share service fees paid to the defendant unions or trustees.

38. Defendants wrongfully dispossessed Plaintiffs of monies by imposing unlawful fair share service fees against them as condition of their employment.

39. As a direct and proximate result of the above wrongful conduct of Defendants, Plaintiffs have been damaged in an amount to be proven at trial, but not less than the full amount of monies withheld from them in the form of fair share or fair share service fees paid to Defendants.

## THIRD CAUSE OF ACTION

### (Restitution of Money Had and Received)

40. Plaintiffs reallege and incorporate by reference all preceding paragraphs of their Complaint.

41. Defendants received monies in the form of unlawful fair-share, agency, or fair share service fees from Plaintiffs.

42. Defendants' imposition and collection of the fair share fees violates Plaintiffs' First Amendment Rights and is, therefore, unconstitutional.

43. At all times relevant hereto, the monies Defendants received belonged to and were for the use of Plaintiffs.

44. Defendants are indebted to Plaintiffs in the amount of the fair-share or fair share service fees they obtained on account of Plaintiffs.

45.     By this Complaint, Plaintiffs demand restitution from Defendants for all fair share, agency, or fair share service fees obtained by Defendants.

## DEMAND FOR RELIEF

Plaintiffs respectfully request this Court:

A.     Certify a class and subclasses consistent with the definitions stated in this Complaint.

B.     Issue a declaratory judgment against Defendants providing that:

1.     It is unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to withhold or require payment of fair share service fees or agency fees from Plaintiffs and the class members;

2.     The provisions of CAL. GOV'T CODE §§ 3508.5, 3515, and 3583.5 that allow the imposition of fair share service fees are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

3.     Any collective bargaining agreement provision imposing fair share service fees or agency fees against Plaintiffs or the class members is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C.     Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting or receiving fair share service fees or agency fees from Plaintiffs or the class members.

D.     Order Defendants to disgorge and refund all fair share service fees or agency fees unlawfully withheld or collected (directly or indirectly) from Plaintiffs and the class members, along with pre-judgment and post-judgment interest.

E.     Award Plaintiffs legal and equitable relief under 42 U.S.C. § 1983.

F.     Award Plaintiffs their reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

G. Award any other relief this Court deems just and proper.

Dated: April 11, 2019                            CLARK HILL LLP


                                                 By: *Bradford G. Hughes*
                                                     Bradford G. Hughes

                                                 Attorneys for Plaintiffs and Proposed Class