SCOTT A. KRONLAND (SBN 171693)
ERIC P. BROWN (SBN 284245)
REBECCA MORYL LEE (SBN 305119)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-mail:  skronland@altber.com
              ebrown@altber.com
              rlee@altber.com

*Attorneys for Defendants*
SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021; NATIONAL EDUCATION ASSOCIATION; CALIFORNIA TEACHERS ASSOCIATION; CALIFORNIA FACULTY ASSOCIATION; and SERVICE EMPLOYEES INTERNATIONAL UNION.

KERIANNE R. STEELE (SBN 250897)
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501
Telephone: (510) 337-1001
Facsimile: (510) 337-1023
E-Mail: ksteele@unioncounsel.net

*Attorney for Defendant SEIU LOCAL 1021*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK GABRIELE, *et al.*, <br><br>                Plaintiffs, <br><br>         v. <br><br> SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000, *et al.*, <br><br>                Defendants. | CASE NO.:  2:19-cv-00292-MCE-KJN <br><br> **REPLY IN SUPPORT OF UNION DEFENDANTS' MOTION TO SEVER** <br><br> Date:       May 30, 2019 <br> Time:       2:00 p.m. <br> Location:  Courtroom 7 <br> Judge:      Hon. Morrison C. England, Jr. |

**REPLY MEMORANDUM**

Plaintiffs' Response to Defendants' Motion to Sever (Dkt. 28) mistakenly suggests that misjoinder is something that the Court has the discretion to ignore. Dkt. 28 at 3 (stating that "severance is merely permissive"). But the requirements for joinder under FRCP 20 – (1) claims arising from the same transaction or occurrence, *and* (2) some question of law or fact common to all parties, *see* MPA in Support of Motion to Sever at 3-4 (Dkt. 20-1) – are not optional. Severance is discretionary (or, put alternatively, joinder is permissive) only if the Rule 20(a) requirements *are met*. If either of the two prerequisites is lacking, as here, joinder is not permitted. FRCP 20(a); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (considerations of fundamental fairness and prejudice to either side come into play "once these requirements [of Rule 20(a)] are met"); *Horton Co. v. Int'l Tel. & Tel. Corp.*, 85 F.R.D. 369, 371 (W.D. Penn. 1980) (joinder under Rule 20 is discretionary, "[h]owever, the Court's discretion is limited by the two prerequisites of the rule"); Wright & Miller, 7 Fed. Practice and Procedure: Civil 3d § 1653 (3d ed.) ("The rule imposes two specific requisites to the joinder of parties . . . . Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a). The failure to find that the claims involving proposed Rule 20 parties . . . [meet either of the two requirements] will result in joinder being denied.").

Plaintiffs never address, let alone dispute, the fact that they worked for different employers, were represented by different unions, and paid fair share fees under different labor relations statutes and collective bargaining agreements. Plaintiffs' claims against the various Defendants do not arise from the same transaction or occurrence. *See* MPA in Support of Motion to Sever at 3-7 (Dkt. 20-1). Thus, the first requirement of FRCP 20(a) is not met and joinder is not permitted. Severance through the dismissal of the misjoined plaintiffs and defendants is the most appropriate remedy. *See* FRCP 21; *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 871 (9th Cir. 2013).

Plaintiffs rely on *Boulton v. U.S. Tax Lien Association*, No. 2:15-cv-02384-MCE, 2016 WL 1461772 (E.D. Cal. Apr. 14, 2016), and *League to Save Lake Tahoe v. Tahoe*

1  *Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1997), to suggest that joinder is
2  permissible here.  Dkt. 28 at 2.  But those cases are inapposite because in each the
3  claims arose "out of a systematic pattern of events," not just a common legal theory.
4  *Boulton*, 2016 WL 1461772, at *7.  In *Boulton*, a group of plaintiffs sued a company and
5  two of its representatives for alleged misrepresentations the representatives made
6  concerning a third-party company with whom the representatives encouraged the plaintiffs
7  to do business.  *Id.* (claims are "based on [d]efendants' alleged misrepresentation of [a
8  single entity] as a reliable third provider").  Accordingly, unlike this case, *Boulton* involved
9  claims against a single legal entity and its representatives that all turned on those
10 defendants' conduct with respect to a common third-party.  Similarly, *Lake Tahoe*
11 concerned claims against a regional planning agency and developers to whom the agency
12 granted project approvals.  The developers were not alleged to have acted illegally, but
13 were named as defendants simply for the purpose of affording plaintiffs complete relief.
14 558 F.2d at 918.  Thus, the conduct of a single defendant was at issue and the Ninth
15 Circuit held that the parties were properly joined under Rule 20(a) because plaintiffs' right
16 to relief against all defendants "is related to or arises out of the same occurrence (i.e.,
17 TRPA's allegedly illegal approval given to developers' projects)."  558 F.2d at 917.
18       Here, there is no such "systematic pattern of events" or "same occurrence" at
19 issue, only a common legal theory.  *See* MPA in Support of Motion to Sever at 5-7 (Dkt.
20 20-1).  Indeed, if Plaintiffs' theory of joinder were correct, every plaintiff across the country
21 asserting claims for refunds of fair share fees paid prior to the Supreme Court's decision
22 in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018)—currently, there are dozens of
23 such cases—could be joined in a single action even though it would involve different
24 bargaining units, different state laws and different defendants.
25       Finally, Plaintiffs are wrong that severance will result in a multiplication of lawsuits.
26 As Defendants explained, the claims that Defendants ask be severed are duplicative of
27 claims pending in other lawsuits.  *See* MPA in Support of Motion to Sever at 8-10 (Dkt.
28 20-1) (describing *Brice v. California Faculty Association*, No. 2:18-cv-03106-MCE, and

*Aliser v. SEIU California*, No. 3:19-cv-00426-VC).  Should the severed Plaintiffs choose to re-file their claims, those lawsuits could be transferred to the judges handling the already-pending lawsuits, in which each of the severed Plaintiffs is a member of the putative class.[1]  By contrast, failing to sever the claims in this action would make it substantially more difficult to coordinate those claims with the already pending cases against the same Defendants, potentially leading to duplicative litigation, the risk of inconsistent rulings, and wasted judicial resources.  It is the improper joinder, not severance, that presents the greatest risk of inefficiency.

Dated: May 23, 2019

SCOTT A. KRONLAND
ERIC P. BROWN
REBECCA MORYL LEE
Altshuler Berzon LLP

By: */s/ Scott A. Kronland*
    Scott A. Kronland

*Attorneys for Defendants SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000; SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1021; NATIONAL EDUCATION ASSOCIATION; CALIFORNIA TEACHERS ASSOCIATION; CALIFORNIA FACULTY ASSOCIATION; and SERVICE EMPLOYEES INTERNATIONAL UNION*

KERIANNE STEELE
Weinberg, Roger & Rosenfeld

*Attorney for Defendant SEIU LOCAL 1021*

---

[1] Plaintiffs Penning and Friedrichs argue that severance may prejudice them because a court may decide that the limitations period on their claims was not tolled during their participation in this case.  Dkt. 28 at 3.  But *Brice* (filed September 17, 2018) and *Aliser* (filed November 30, 2018) were both filed *before* this case (filed February 14, 2019), meaning that Penning and Friedrichs would *benefit* from participation in those putative class action cases.