UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GABRIELE, et al., | No. 2:19-cv-00292-MCE-KJN |
| Plaintiffs, | |
| v. | **ORDER** |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000, et al., | |
| Defendants. | |

By way of this action, Plaintiffs Mark Gabriele, Jen-Fang Lee, Stacy Penning, and Charles Friedrichs (collectively "Plaintiffs") seek to recover from six different employee organizations (collectively "Defendants") for various claims arising out of Defendants' now impermissible collection of "fair-share fees" from non-union members.[1] Presently before the Court is Defendants' Motion to Sever (ECF No. 20), which really asks the Court to dismiss the claims brought by Defendants Penning and Friedrichs as

///

///

---

[1] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

1

improperly joined under Federal Rule of Civil Procedure 20.[2] For the following reasons, Defendants' Motion is GRANTED.[3]

A district court may "sever any claims against a party." Fed. R. Civ. P. 21. A court may sever particular parties or claims where the joinder is improper under Federal Rule of Civil Procedure 20 and "no substantial right will be prejudiced by the severance." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Moreover, even where joinder is proper under Rule 20, a court may still order severance to prevent delay or prejudice. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000). The decision whether to grant severance lies within the district court's discretion. See Coughlin, 130 F.3d at 1351.

In this case, joinder is improper here because only the claims of Plaintiffs Gabriele and Lee satisfy the requisites of Rule 20, which provides:

> **(a) Persons Who May Join or Be Joined.**
>
> **(1) Plaintiffs.** Persons may join in one action as plaintiffs if:
>
> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.
>
> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
>
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Because oral arguments would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1    Gabriele and Lee work for state agencies and were required to pay fair share fees to their local union, Service Employees International Union Local 1000 ("Local 1000"), a portion of which were then forwarded to Local 1000's affiliate, Service Employees International Union ("SEIU"). These Plaintiffs have no relationship, however, with any of the remaining Defendant unions. Nor, conversely, do the remaining Plaintiffs have any relationship with either SEIU or Local 1000. Given that, the claims of the remaining Plaintiffs cannot be joint and several with those brought by Gabriele and Lee, and they certainly do not arise out of any of the same transactions, occurrences, or series of transactions or occurrences. In fact, not only are the claims in this case improperly joined, but this Court has also already concluded in a number of similar actions that these claims are so factually distinct they should not even be related. See E.D. Cal. Local Rule 123(a).[4]

Accordingly, upon consideration of Defendants' Motion, the papers filed in support of and in opposition to the Motion, and the pleadings and records on file, the Motion to Sever (ECF No. 20) is hereby GRANTED because, as set forth above, Plaintiffs have not satisfied the requirements for permissive joinder under Federal Rule of Civil Procedure 20. The claims of all but the first named Plaintiff, Mark Gabriele, and of Plaintiff Jen-Fang Lee, are hereby DISMISSED without prejudice to the filing of individual actions by those dismissed Plaintiffs.

IT IS SO ORDERED.

Dated: June 5, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Significantly, too, it appears to the Court that the remaining Plaintiffs may be members of classes on behalf of whom claims are already being asserted in other actions. See Brice v. California Faculty Association, No. 2:18-cv-03106-MCE (E.D. Cal.); Aliser v. SEIU California, No. 3:19-cv-00426-VC (N.D. Cal.).

3