SCOTT A. KRONLAND (SBN 171693)
JEFFREY B. DEMAIN (SBN 126715)
REBECCA C. LEE (SBN 305119)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
skronland@altshulerberzon.com
jdemain@altshulerberzon.com
rlee@altshulerberzon.com

Attorneys for Defendants Service Employees International Union
and Service Employees International Union, Local 1000

ANNE M. GIESE (SBN 143934)
SEIU Local 1000
1808 14th Street
Sacramento, California 95811
Telephone: (916) 554-1279
Facsimile: (916) 554-1292
agiese@seiu1000.org

Attorney for Defendant Service Employees International Union, Local 1000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GABRIELE, *et al.*, AS INDIVIDUALS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>         Plaintiffs,<br><br>    v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1000, *et al.*,<br><br>         Defendants. | Case No. 2:19-CV-00292-WBS-KJN<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR JUDGMENT ON THE PLEADINGS**<br><br>FRCP 12(b)(1), (c), & (h)(3)<br><br>Hearing Date: June 15, 2020<br>Time:         1:30 p.m.<br>Courtroom:    5<br>Judge:        Hon. William B. Shubb |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................i

INTRODUCTION .............................................................................................................................. 1

DISCUSSION ..................................................................................................................................... 3

    I.      Plaintiffs Lack Standing to Seek Prospective Relief ............................................................. 3

    II.     Plaintiffs' Arguments Regarding the Good Faith Defense and the Retroactivity of *Janus* Are Contrary to *Danielson* and Should Therefore Be Rejected ............................... 4

    III.    Plaintiffs' Common Law Claims Are Preempted by the Dills Act ..................................... 5

        A.     Dills Act preemption is substantive, not merely procedural ................................. 5

        B.     The controversy that Plaintiffs could have presented to PERB arises from the same conduct as the common law claims Plaintiffs present to this Court ......... 6

        C.     Preemption extends beyond "unfair practices," and Plaintiffs' artful pleading to avoid alleging violations of the Dills Act cannot evade preemption ............................................................................................................... 7

    IV.    Plaintiffs' Common Law Claims Are Barred by California Government Code Section 1159 ........................................................................................................................... 9

        A.     Section 1159 merely clarified existing law, so it does not raise any constitutional questions about retroactive application .......................................... 10

        B.     Even if Section 1159 changed the law, its application to bar Plaintiffs' common law claims would not violate the Constitution ....................................... 11

            Procedural due process ........................................................................................ 11

            Substantive due process ....................................................................................... 12

            Takings clause ...................................................................................................... 13

            Single subject rule ................................................................................................ 13

            Separation of powers ............................................................................................ 14

CONCLUSION ................................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abood v. Detroit Bd. of Educ.*,
 431 U.S. 209 (1977) ............................................................................................................... 8

*Babb v. California Teachers Association*,
 378 F.Supp.3d 857 (C.D. Cal. 2019) ............................................................................ *passim*

*Bell v. City of Boise*,
 709 F.3d 890 (9th Cir. 2013) ................................................................................................. 4

*Beverly Comm. Hosp. Ass'n v. Belshe*,
 132 F.3d 1259 (9th Cir. 1997) ............................................................................................. 10

*Bowers v. Whitman*,
 671 F.3d 905 (9th Cir. 2012) ............................................................................................... 11

*Christian Coal. of Alabama v. Cole*,
 355 F.3d 1288 (11th Cir. 2004) ............................................................................................. 4

*Danielson v. Inslee*,
 945 F.3d 1096 (9th Cir. 2019) ......................................................................................... 1, 5

*Ileto v. Glock*,
 565 F.3d 1126 (9th Cir. 2009) ................................................................................ 11, 12, 13

*In re Nat'l Sec. Agency Telecomm. Records Litig.*,
 671 F.3d 881 (9th Cir. 2011) ............................................................................................... 14

*Janus v. AFSCME, Council 31*,
 138 S. Ct. 2448 (2018) ........................................................................................................... 1

*Jernigan v. Crane*,
 796 F.3d 976 (8th Cir. 2015) ................................................................................................. 4

*Lamberty v. Conn. State Police Union*,
 2018 WL 5115559 (D. Conn. Oct. 19, 2018) ........................................................................ 3

*Lee v. Ohio Educ. Ass'n*,
 366 F.Supp.3d 980 (N.D. Ohio 2019) ................................................................................... 3

*Local 926, Int'l Union of Operating Eng'rs v. Jones*,
 460 U.S. 669 (1983) ............................................................................................................... 7

*Logan v. Zimmerman Brush Co.*,
 455 U.S. 432 (1982) ............................................................................................................. 11

*Lumber Prod. Indus. Workers Local No. 1054 v. W. Coast Indus. Relations Ass'n, Inc.*,
    775 F.2d 1042 (9th Cir. 1985) ............................................................................................. 7

*Penning v. Service Employees Int'l Union, Local 1021*,
    424 F.Supp.3d 684 (N.D. Cal. 2020) ........................................................................ 5, 9, 10

*Public Utilities Comm'n of Cal. v. FERC*,
    100 F.3d 1451 (9th Cir. 1996) ............................................................................................. 3

*Rosebrock v. Mathis*,
    745 F.3d 963 (9th Cir. 2014) ............................................................................................... 3

*Samson v. City of Bainbridge Island*,
    683 F.3d 1051 (9th Cir. 2012) ........................................................................................... 11

*Smith v. Univ. of Wash.*,
    233 F.3d 1188 (9th Cir. 2000) ............................................................................................. 3

*Sze v. INS*,
    153 F.3d 1005 (9th Cir. 1998) ............................................................................................. 3

*Tarhuni v. Lynch*,
    129 F. Supp. 3d 1052 (D. Or. 2015), *rev'd on other grounds sub nom.
    Tarhuni v. Sessions*, 692 Fed. App'x 477 (9th Cir. 2017) .................................................... 3

*Troiano v. Supervisor of Elections*,
    382 F.3d 1276 (11th Cir. 2004) ........................................................................................... 4

*Winsness v. Yocom*,
    433 F.3d 727 (10th Cir. 2006) ............................................................................................. 4

*Wisconsin Right to Life v. Schoeber*,
    366 F.3d 485 (7th Cir. 2004) ............................................................................................... 4

**California Cases**

*Brosnahan v. Brown*,
    32 Cal.3d 236 (1982) ........................................................................................................ 13

*Cal. Employment Stabilization Comm'n v. Payne*,
    31 Cal.2d 210 (1947) ........................................................................................................ 12

*Callet v. Alioto*,
    210 Cal. 65 (1930) ............................................................................................................ 12

*City of Redlands v. Sorensen*,
    176 Cal.App.3d 202 (1985) ............................................................................................... 11

*Cumero v. PERB*,
    49 Cal.3d 575 (1989) .......................................................................................................... 6

*El Rancho Unified Sch. Dist. v. Nat'l Educ. Ass'n*,
    33 Cal.3d 946 (1983)...........................................................................................7, 8

*Jenkins v. Cty. of Los Angeles*,
    74 Cal.App.4th 524 (1999)......................................................................................12

*Kugler v. Yocum*,
    69 Cal.2d 371 (1968)..........................................................................................2, 14

*L.A. Cty. v. Superior Court*,
    62 Cal.2d 839 (1965)........................................................................................13, 14

*Lee v. Hanley*,
    61 Cal.4th 1225 (2015)................................................................................................7

*Leek v. Wash. Unified Sch. Dist.*,
    124 Cal.App.3d 43 (1981).........................................................................................7

*Link v. Antioch Unified Sch. Dist.*,
    142 Cal.App.3d 765 (1983)...................................................................................7, 8

*McMillin Albany LLC v. Superior Court*,
    4 Cal.5th 241 (2018)..................................................................................................6

*Rosefield Packing Co. v. Superior Court*,
    4 Cal.2d 120 (1935)..................................................................................................12

*San Jose Teachers Ass'n v. Superior Court*,
    38 Cal.3d 839 (1985)..................................................................................................8

*San Lorenzo Educ. Ass'n v. Wilson*,
    32 Cal.3d 841 (1982)..................................................................................................9

*Satyadi v. W. Contra Costa Healthcare Dist.*
    232 Cal.App.4th 1022 (2014)..................................................................................10

*Wells Fargo & Co. v. City & Cty. of S.F.*,
    25 Cal.2d 37 (1944)..................................................................................................12

**Federal Statutes**

28 U.S.C. §2403 ...............................................................................................................9

42 U.S.C. §1983 ................................................................................................. 1, 2, 4, 5

**California Statutes**

Cal. Civ. Code §22.2 .......................................................................................................6

Cal. Gov't Code
 §1159 ...................................................................................................................................*passim*
 §1159(a)............................................................................................................................... 10
 §1159(b) .............................................................................................................................. 10
 §3512-24................................................................................................................................ 1
 §3512 ............................................................................................................................. 6, 10
 §3515 ............................................................................................................................. 6, 10
 §3515.7 .......................................................................................................................... 6, 10
 §3519(a)................................................................................................................................. 6
 §3519.5(b) ............................................................................................................................. 6

**California Constitution**

Article IV, Section 9................................................................................................................... 13

**Rules**

Fed. R. Civ. P. 5.1 ........................................................................................................................ 9

Fed. R. Civ. P. 5.1(c) ................................................................................................................. 10

# INTRODUCTION

Defendants Service Employees International Union Local 1000 ("Local 1000") and Service Employees International Union ("SEIU"), collectively "Defendants," hereby submit this reply in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Judgment on the Pleadings ("Motion"), ECF No. 42, in response to Plaintiffs' Opposition to that Motion, ECF No. 46. In their Opening Brief ("Opening Brf.") in support of the Motion, ECF No. 42-1, Defendants showed the following:

First, Plaintiffs' claims for prospective relief should be dismissed for lack of subject matter jurisdiction because fair share fee collection terminated on June 27, 2018, when the Supreme Court issued *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), more than seven months before this lawsuit was filed. Fair share fees have not been collected for nearly two years, Plaintiffs and the putative class members are not currently required to pay fair-share fees, and there is no likelihood they will be required to do so in the future because *Janus* held such requirements unconstitutional. As such, Plaintiffs' claims for prospective injunctive and declaratory relief do not present a live, justiciable controversy. Opening Brf. at 4-7.

Second, Plaintiffs' claim under 42 U.S.C. §1983 for retrospective monetary relief in the amount of their pre-*Janus* fair share fees fails as a matter of law because Defendant Local 1000 received fair-share fees in compliance with California statutes and then-applicable United States Supreme Court decisions that expressly authorized such fees. For that reason, Defendants are shielded from liability by the good faith defense under the controlling Ninth Circuit precedent, *Danielson v. Inslee*, 945 F.3d 1096 (9th Cir. 2019). Opening Brf. at 8-9.

Third, as every court to consider such claims has held, Plaintiffs' California common law tort claims seeking the same retrospective monetary relief are preempted by the applicable state collective bargaining statute (here, the Dills Act, Cal. Gov't Code §§ 3512-24), and/or are barred by California Government Code Section 1159. Opening Brf. at 10-14.

As we discuss below, Plaintiffs' Opposition fails to rebut these arguments. First, Plaintiffs' argument that their prospective injunctive relief claims present a justiciable controversy fails because the "voluntary cessation" doctrine on which they rely is inapposite here, where the challenged fee

collection was terminated long before this lawsuit was filed, in compliance with *Janus'* change to the governing law.

Second, Plaintiffs' argument that the good faith defense does not bar their Section 1983 claim for retrospective monetary relief amounts to nothing more than an expression of their disagreement with the Ninth Circuit's contrary decision in *Danielson*, which is of course binding on this Court.

Third, Plaintiffs' arguments that their common law claims for retrospective monetary relief are not preempted by the Dills Act fail because the challenged conduct – the collection of fair share fees prior to *Janus* – was actually or at least arguably protected by the Dills Act, and even if *Janus* were accorded retroactive effect, that same conduct would have been arguably prohibited by the Dills Act. Common law causes of action that arise from conduct either actually or arguably protected or prohibited by the Dills Act fall within the exclusive jurisdiction of the California Public Employment Relations Board ("PERB") and therefore are preempted.

Fourth, Plaintiffs' constitutional challenges to Government Code Section 1159, which bars the same common law claims, are meritless.  Plaintiffs' due process arguments fail because they are predicated on the assertion that Defendants are seeking to apply Section 1159 retroactively, which they are not.  And, in any event, retroactive application of Section 1159 would not violate either procedural or substantive due process, or the takings clause, because the legislative enactment of Section 1159 provided all the process that was due and Plaintiffs have no property interest in their unadjudicated common law claims.  Next, Plaintiffs' argument that Section 1159 violates the single subject rule fails because Section 1159 and the rest of the sections of SB 846 are reasonably germane to the title of the bill: "Employment."  Finally, Plaintiffs' argument Section 1159 violates the separation of powers doctrine fails because, at least before entry of a final judgment, "'[t]he power … to change a law of the state is necessarily legislative in character.'"  *Kugler v. Yocum*, 69 Cal.2d 371, 375 (1968) (quoting *Dougherty v. Austin*, 94 Cal. 601, 606-607 (1892)) (omission in original).

Because all of Plaintiffs' claims are precluded as a matter of law, this Court should grant Defendants' motion, dismiss Plaintiffs' First Amended Complaint with prejudice, and enter judgment in favor of Defendants.

# DISCUSSION

## I. Plaintiffs Lack Standing to Seek Prospective Relief

In Section I of their Opposition, Plaintiffs argue that they have standing to pursue claims for prospective injunctive and declaratory relief, but they do not dispute that fee collection terminated more than seven months before they sued. *See* Opp. at 1. Instead, they invoke the "voluntary cessation" doctrine, observe that the statute permitting fee collection has not been repealed, and argue that that statute still compels them to pay fees (which are not being collected). *Id*. But "voluntary cessation" is an exception to mootness. Here, Plaintiffs' claims for prospective relief did not become moot; rather, they were not "live" claims when this action was filed. The challenged conduct – the collection of fair share fees – terminated months before Plaintiffs filed suit, so Plaintiffs never had standing to sue in the first place. For that reason, their voluntary cessation argument is simply inapposite.

Moreover, even on its own terms, the voluntary cessation exception would be inapplicable here. Cessation is not "voluntary" where, as here, the cessation was required to comply with a new Supreme Court decision. *See, e.g.*, *Lamberty v. Conn. State Police Union*, 2018 WL 5115559, at *8-9 (D. Conn. Oct. 19, 2018); *Lee v. Ohio Educ. Ass'n*, 366 F.Supp.3d 980, 981-82 (N.D. Ohio 2019). Indeed, for the voluntary cessation exception to apply, the change in the defendants' challenged conduct has to occur *in response to the lawsuit*. *See, e.g., Smith v. Univ. of Wash.*, 233 F.3d 1188, 1194-95 (9th Cir. 2000); *Sze v. INS*, 153 F.3d 1005, 1008 (9th Cir. 1998*); Public Utilities Comm'n of Cal. v. FERC*, 100 F.3d 1451, 1460 (9th Cir. 1996); *Tarhuni v. Lynch*, 129 F. Supp. 3d 1052, 1061 (D. Or. 2015), *rev'd on other grounds sub nom. Tarhuni v. Sessions*, 692 Fed. App'x 477 (9th Cir. 2017). Absent a breach in the space-time continuum, that cannot have occurred here, where the challenged collection of fair share fees indisputably terminated more than seven months before the lawsuit was filed.

Even when conduct ends in response to a lawsuit, moreover, a claim for prospective relief is still moot when there is no reasonable likelihood the conduct will recur. *Smith*, 233 F.3d at 1194. That is the case where, as here, "'subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S.

**Reply Memorandum in Support of MTD and MJP**
*Gabriele v. SEIU Local 1000*, No. 2:19-cv-00292-WBS-KJN                                                                              3

167, 189 (2000)); *see also, e.g., Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1283 (11th Cir. 2004) (case is moot "when there is no reasonable expectation that the voluntarily ceased activity will, in fact, actually recur after the termination of the suit"); *Christian Coal. of Alabama v. Cole*, 355 F.3d 1288, 1291 (11th Cir. 2004) (same).  Here, as every court to consider the question has concluded, the Supreme Court's clear holding in *Janus* that fair share fee requirements are unconstitutional, and the termination of fair share fee collection immediately thereafter, make it absolutely clear that fee collection cannot reasonably be expected to recur.  *See, e.g., Babb v. Cal. Teachers Ass'n*, 378 F.Supp.3d 857, 871 (C.D. Cal. 2019) ("[E]very other district court to consider this issue has found claims for prospective relief moot after *Janus*.").

Plaintiffs' other arguments are no more persuasive.  "The mere presence on the statute books of an unconstitutional statute, in the absence of enforcement or credible threat of enforcement, does not entitle anyone to sue."  *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006); *see also Wisconsin Right to Life v. Schoeber*, 366 F.3d 485, 492 (7th Cir. 2004).[1]  And the Dills Act does not "compel" Plaintiffs to pay fair share fees.  Rather, it is a directive to the public employer and the union, both of which ceased collecting fees when *Janus* issued.  Thus, as the district court observed in *Babb*, "every … district court to consider this issue has found claims for prospective relief moot after *Janus*."  378 F.Supp.3d at 871.

### II. Plaintiffs' Arguments Regarding the Good Faith Defense and the Retroactivity of *Janus* Are Contrary to *Danielson* and Should Therefore Be Rejected

In Sections II-VII of their Opposition, Plaintiffs contend that *Janus* must be applied retroactively to the pre-*Janus* collection of fair share fees and that the good faith defense does not preclude liability on their Section 1983 claim for retrospective monetary relief.  *See* Opp. at 1-16.  But

---

[1] Neither of the decisions Plaintiffs cite support their argument that their claims for prospective relief present a live controversy.  In *Jernigan v. Crane*, 796 F.3d 976, 978 (8th Cir. 2015), the plaintiffs were seeking forms of relief not directly addressed by the Supreme Court, *i.e.* "state benefits incident to marriage," rather than the right to marry itself.  In *Bell v. City of Boise*, 709 F.3d 890, 894-95 (9th Cir. 2013), the defendant police department did not concede that the challenged practice was unconstitutional, and the police department's statement "fail[ed] to fully address Plaintiffs' allegations" and "could be easily abandoned or altered in the future."  *Id.* at 901.

**Reply Memorandum in Support of MTD and MJP**
*Gabriele v. SEIU Local 1000*, No. 2:19-cv-00292-WBS-KJN                                                                 4

all of their arguments merely reflect their disagreement with the Ninth Circuit's binding decision in *Danielson*, 945 F.3d 1096. *See* Opp. at 4 ("Needless to say, Plaintiffs disagree with almost every part of *Danielson* related to the good-faith defense.").

*Danielson* squarely held that unions have "an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees [the unions] collected pre-*Janus*," 945 F.3d. at 1088-89; that the good faith defense cannot be avoided by claiming to seek restitution rather than damages, *id*. at 1102-03 ("Plaintiffs' labeling of their claim as restitutionary does not preclude application of the good faith defense"); and that the good faith defense applies regardless of whether *Janus* is retroactive as a matter of substantive law, *id*. at 1099 ("We assume the retroactivity of the rule established in *Janus*"). Plaintiffs do not contend there is any relevant difference between this case and *Danielson*, so *Danielson* requires dismissal of their Section 1983 claim insofar as it seeks retrospective relief.

### III. Plaintiffs' Common Law Claims Are Preempted by the Dills Act

In Section VIII(A) of their Opposition, Plaintiffs contend that their California common law claims for conversion and restitution of money had and received are not preempted by the Dills Act. *See* Opp. at 16-21. However, the decision in *Babb*, 378 F.Supp.3d at 877-78, explains why those claims must yield to a state labor relations statute that authorized fair share fees. *Accord Penning v. Service Employees Int'l Union, Local 1021*, 424 F.Supp.3d 684, 686 (N.D. Cal. 2020). Although Defendants relied on and discussed *Babb* and *Penning* extensively in their Opening Brief, Plaintiffs fail to mention, much less distinguish, those decisions or explain why they were wrongly decided. Moreover, Plaintiffs' argument misunderstands the applicable preemption doctrine.

A. <u>Dills Act preemption is substantive, not merely procedural</u>. Contrary to Plaintiffs' contention, preemption is not merely "a question of administrative exhaustion, where a claim must be presented to PERB in the first instance." Opp. at 16. In enacting the provisions of the Dills Act affirmatively permitting, and setting the boundaries for, the collection of fair share fees, the Legislature occupied the field of state law regulation, closing it to other sources of state law, including the common law. The parameters of fair share fee collection for Dills Act employees are regulated solely and exclusively by the Dills Act.

**Reply Memorandum in Support of MTD and MJP**
*Gabriele v. SEIU Local 1000*, No. 2:19-cv-00292-WBS-KJN                                                                 5

The Dills Act affirms the legality under state law for recognized employee organizations to collect fair share fees to pay for costs germane to collective bargaining. *See* Cal. Gov't Code §§3512, 3515, 3515.7; *see also Cumero v. PERB*, 49 Cal.3d 575, 587 (1989) (construing the analogous statute governing collective bargaining in public primary and secondary schools, the Educational Employment Relations Act ("EERA"), as "contain[ing] provisions expressly … allowing … for compulsory nonmember service fees"). The common law applies in California only "so far as it is not … inconsistent with … the … laws of th[e] State." Cal. Civ. Code §22.2; *see also McMillin Albany LLC v. Superior Court*, 4 Cal.5th 241, 249 (2018). Thus, at the time the fees at issue were collected, that is, before issuance of the Supreme Court's decision in *Janus*, Defendants could not be held liable under any state tort law theory for collecting those fees.

Even if *Janus* were held to apply retroactively to nullify those Dills Act provisions *nunc pro tunc*, that would not revive, Lazarus-like, the preempted common law. *Babb*, 378 F.Supp.3d at 877. Rather, common law claims still would be preempted because, if those authorization provisions were treated as a nullity, the provisions of the Dills Act that protect and enforce employees' "right to refuse to join or participate in the activities of employee organizations," Cal. Gov't Code §3515; *see also id.* at §§3519(a), and 3519.5(b), would at least arguably prohibit the collection of fair share fees. *See Cumero*, 49 Cal.3d at 583-84 (interpreting the general provisions of the analogous EERA to preclude the collection of fair share fees, except as "that general provision is modified … by the more particular provisions of [Cal. Gov't Code §§3540.1(i)(2) and 3546], authorizing organizational security arrangements"). Because the collection of pre-*Janus* fees is, at the least, both arguably protected and arguably prohibited by the Dills Act, Plaintiffs' state law claims are preempted by the Dills Act under the authorities discussed in Section III of the Opening Brief.

B. <u>The controversy that Plaintiffs could have presented to PERB arises from the same conduct as the common law claims Plaintiffs present to this Court</u>. Plaintiffs argue that their common law claims are not preempted by the Dills Act because the issues presented by those claims are not "identical" to the issues that they could have presented to PERB. Plaintiffs assert that their common law claims would require this Court to determine "the proper ownership of the money the Unions received from him [sic]," whereas "PERB would consider whether the collection of fees constituted an

**Reply Memorandum in Support of MTD and MJP**
*Gabriele v. SEIU Local 1000*, No. 2:19-cv-00292-WBS-KJN                                                                                  6

unfair practice, which is wholly unrelated to ownership." Opp. at 17. *Babb* rejected this very argument, concluding that it had also been rejected by the California state court decisions applying the preemption doctrine to claims regarding fair share fee collection. *Babb*, 378 F.Supp.3d at 877-78.

Plaintiffs err in contending that a complete identity of issues is required for preemption. Rather, whenever "the conduct relied on to prove a crucial element in the [civil] action is conduct that is arguably covered by the [labor law], then the [civil] claim is preempted." *Lumber Prod. Indus. Workers Local No. 1054 v. W. Coast Indus. Relations Ass'n, Inc.*, 775 F.2d 1042, 1049 (9th Cir. 1985); *accord Local 926, Int'l Union of Operating Eng'rs v. Jones*, 460 U.S. 669, 682 (1983). Here, the same fee collection underlies both Plaintiffs' common law claims and the hypothetical PERB charge. Moreover, preemption is also required where "a crucial element of a [civil] court action is identical to an element of an unfair labor practice that is arguably covered by the [labor law]." *Lumber Prod. Indus. Workers*, 775 F.2d at 1048. Two "crucial element[s]" of Plaintiffs' common law claims are that Plaintiffs had "ownership" of the fair share fees, and that Defendants converted those fees "by a wrongful act …." *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015) (internal quotations omitted). Whether either of those elements are true for purposes of state law depends on interpretation of the Dills Act.

C. <u>Preemption extends beyond "unfair practices," and Plaintiffs' artful pleading to avoid alleging violations of the Dills Act cannot evade preemption</u>. Plaintiffs assert that their common law claims are not preempted because those claims do not arise from conduct constituting "unfair practices" under the Dills Act but, at most, conduct that violates the Dills Act. Opp. at 18. But the courts have rejected the argument that preemption is limited to claims arising from conduct that would constitute an "unfair practice," as opposed to some other violation of the Dills Act. *See Leek v. Wash. Unified Sch. Dist.*, 124 Cal.App.3d 43, 48-49 (1981); *accord Link v. Antioch Unified Sch. Dist.*, 142 Cal.App.3d 765, 768-69 (1983). Indeed, Plaintiffs' argument proves too much; if it were correct, there would be no preemption of claims arising from conduct that is protected or arguably protected by the Dills Act, as such conduct (by definition) does not constitute an "unfair practice." The law is clear, however, that preemption extends to claims arising from conduct that is either protected or arguably protected. *See, e.g., El Rancho Unified Sch. Dist. v. Nat'l Educ. Ass'n*, 33 Cal.3d 946, 953, 957-60 (1983).

**Reply Memorandum in Support of MTD and MJP**
*Gabriele v. SEIU Local 1000*, No. 2:19-cv-00292-WBS-KJN                                                                    7

Next, Plaintiffs argue that they do not allege a violation of the Dills Act. Opp. at 18-19. But plaintiffs are not permitted to "plead around" preemption by not alleging Dills Act violations; rather, the preemption question turns on whether their claims arise from *conduct* that is protected, prohibited, or arguably protected or prohibited under the Dills Act, regardless of the legal labels they assign to their claims. As the *El Rancho* Court put it, "what matters is whether the underlying conduct on which the suit is based – however described in the complaint – may fall within PERB's exclusive jurisdiction." 33 Cal.3d at 954 n.13. And, indeed, in *Link*, the plaintiffs pleaded only constitutional claims regarding the collection of fair share fees, eschewing any claims under the statute, but the Court of Appeal nonetheless held that, "[l]ooking beyond the constitutional label given to plaintiffs' grievances herein …, the substance of conduct complained of may also constitute unfair practices which arguably could be resolved by a PERB ruling." 142 Cal.App.3d at 769. The same is true here.

Plaintiffs attempt to distinguish *Leek* and *Link* – two decisions holding fair share fee refund claims preempted by the applicable PERB-administered statute (there, EERA) – on the ground that the claims in *Leek* and *Link* concerned only the *amount* of the fee collected. Opp. at 18-19. But those decisions cannot be so easily dismissed. Both cases arose under the legal regime established in *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), pursuant to which public employees could be compelled to pay fair share fees to fund only collective bargaining expenses, not political or ideological expenses. That regime was overthrown in *Janus*, after which fees cannot be compelled to fund *any* expenses. Thus, Plaintiffs' allegations in the present case are for all practical purposes identical to those in *Leek* and *Link*: that a union has compelled payment of fair share fees in violation of the First Amendment. Whether the amount alleged to have been unconstitutionally collected was only a portion of the fair share fee (as in *Leek* and *Link*), or the entire fee (as here), has no effect on the preemption analysis.

Further, Plaintiffs' reliance on *San Jose Teachers Association v. Superior Court*, 38 Cal.3d 839 (1985), *see* Opp. at 19, is misplaced because that decision actually supports Defendants' position. *San Jose Teachers Association* approved the preemption analysis as applied to fair share fee refund claims in *Leek* and *Link*. *See* 38 Cal.3d at 863. Although *San Jose Teachers Association* declined to reach the issue whether preemption could arise from a counterclaim by non-members alleging that the union failed to comply with the constitutional procedural requirements for collecting fair share fees, in a

**Reply Memorandum in Support of MTD and MJP**
*Gabriele v. SEIU Local 1000*, No. 2:19-cv-00292-WBS-KJN                                                                              8

lawsuit brought against them by the union to collect such fees, *see* Opp. at 19, that says nothing about preemption of the affirmative state law refund claims brought by Plaintiffs here.

Nor does *San Lorenzo Education Association v. Wilson*, 32 Cal.3d 841 (1982), support Plaintiffs' argument. *See* Opp. at 20. There, the California Supreme Court considered whether a fair share fee agreement between a union and an employer could be enforced by small claims court suits brought by the union against non-members who had violated that agreement by refusing to pay those fees. *See San Lorenzo Educ. Ass'n*, 32 Cal.3d at 843. The non-members asserted that the sole remedy for their refusal to pay was for the employer to terminate their employment. *Id.* at 844. Neither party argued that the claim was preempted by EERA; rather, that argument was raised solely by an amicus. *See id.* at 853. As *Babb* concluded, in rejecting the same argument, "no preemption was found [in *San Lorenzo Education Association*] because PERB does not have jurisdiction over disputes arising from contracts between unions and public employers." *Babb*, 378 F.Supp.3d at 878; *see also San Lorenzo Educ. Ass'n*, 32 Cal.3d at 853. Here, none of Plaintiffs' common law claims arise from alleged violations of, or seek to enforce, a contract. Rather, the conduct underlying those claims is arguably protected by, or arguably constitutes a violation of, the Dills Act, and their common law claims are thereby preempted. *See Babb*, 378 F.Supp.3d at 877-78.

**IV. Plaintiffs' Common Law Claims Are Barred by California Government Code Section 1159.**

In Section VIII(B) of their Opposition, Plaintiffs contend that their California common law claims for conversion and restitution of money had and received are not barred by California Government Code Section 1159 ("Section 1159"). *See* Opp. at 21-24. Plaintiffs' counsel in the present case advanced the same arguments on behalf of plaintiffs in *Babb* and *Penning*, and those courts correctly rejected these same arguments. *Babb*, 378 F.Supp.3d at 878-82; *Penning*, 424 F.Supp.3d at 686.[2]

---

[2] Plaintiffs' Opposition questions the constitutionality of Section 1159, and there is no state defendant in the case. The Court may not hold the statute unconstitutional until the California Attorney General has had the opportunity to intervene. *See* Fed. R. Civ. P. 5.1; 28 U.S.C. §2403. But

*(Footnote continued)*

Plaintiffs contend that the application of Section 1159 to unfiled claims existing at the time of that statute's enactment – as the Legislature explicitly intended, *see* Cal. Gov't Code §1159(b)[3] – would violate procedural and substantive due process, as well as other constitutional provisions.  Opp. at 21-24.  Plaintiffs are wrong, as explained in *Babb*, 378 F.Supp.3d at 878-82; *accord Penning*, 424 F.Supp.3d at 686.

      A.     <u>Section 1159 merely clarified existing law, so it does not raise any constitutional questions about retroactive application.</u>  Under both the California and federal constitutions, whether a statute may be applied to pending claims depends on a two-step inquiry.  First, courts ask whether the legislation "clarified or changed the law." *Satyadi v. W. Contra Costa Healthcare Dist.* 232 Cal.App.4th 1022, 1029 (2014).  If the former, there is "no question of retroactivity," and thus no potential constitutional impediment to applying the legislation to pending claims.  *Id.*; *accord Babb*, 378 F.Supp.3d at 879.  Second, and only if the legislation *does* "change[] … the law," courts address whether retroactive application of the statute violates the constitution.  *Satyadi*, 232 Cal.App.4th at 1029; *see also Beverly Comm. Hosp. Ass'n v. Belshe*, 132 F.3d 1259, 1265-67 (9th Cir. 1997) (same two-step approach under federal Due Process Clause); *accord Babb*, 378 F.Supp.3d at 879.

As *Babb* found, Section 1159 clarified the existing law, so it presents no constitutional question of retroactivity. "[T]he California legislature was explicit that §1159 'clarifies existing state law rather than changes it,' because '[p]ublic employees who paid agency or fair share fees as a condition of public employment in accordance with state law and Supreme Court precedent prior to [*Janus*], had no

---

the Court may "reject the constitutional challenge," Fed. R. Civ. P. 5.1(c), which is meritless for the reasons discussed in the text, without awaiting the Attorney General's intervention.

[3]  Section 1159 expressly precludes liability for collection of any fees "permitted at the time under *the laws of this state then in force* … prior to June 27, 2018," Cal. Gov't Code §1159(a) (emphasis added), i.e., the day *Janus* issued.  At that time, prior to *Janus*, "the laws of this state then in force" included the Dills Act, which plainly permitted such fee collection. *See, e.g.*, Cal. Gov't Code §§3512, 3515, 3515.7 (the Dills Act's fair share fee provisions).  Plaintiffs' assertion that the Legislature did not intend Section 1159 to apply the fees at issue in this case because retroactive application of *Janus* renders the Dills Act's fair share fee collection provisions void *ab initio*, Opp. at 21, is pure sophistry.  The purpose of statutory interpretation is to effectuate the Legislature's intent, and the Legislature unquestionably intended Section 1159 to apply to pre-*Janus* fees.

**Reply Memorandum in Support of MTD and MJP**
*Gabriele v. SEIU Local 1000*, No. 2:19-cv-00292-WBS-KJN          10

legitimate expectation of receiving that money under any available cause of action.'" *Babb*, 378 F.Supp.3d at 879 (quoting Section 1159(e)(1)). "[A]t the time [the fair share] fees were collected, the Unions could not be held liable under any state law theory for collection of such fees, and §1159 merely reinforces this point. [Citation omitted.] 'A clarified law is simply a statement of what the law has always been.'" *Id*. (quoting *In re Marriage of Walker*, 138 Cal.App.4th 1408, 1426 (2006)). Because Section 1159 "states the law as it was all the time, … no question of retroactive application is involved." *City of Redlands v. Sorensen*, 176 Cal.App.3d 202, 211 (1985). Plaintiffs skip the threshold question whether Section 1159 changed the law, *see* Opp. at 21-24, which is dispositive here.

   B. <u>Even if Section 1159 changed the law, its application to bar Plaintiffs' common law claims would not violate the Constitution</u>.

   ***Procedural due process.*** Plaintiffs' central contention is that the retroactive application of Section 1159 violates the procedural aspect of the due process clause. Opp. at 21-23. But it is now settled law that where, as here, "a state alters a state-conferred property right through a legislative process, the legislative determination provides all the process that is due." *Bowers v. Whitman*, 671 F.3d 905, 913 n.3 (9th Cir. 2012) (internal quotations omitted); *accord Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012); *Babb*, 378 F.Supp.3d at 879-80.

   Plaintiffs rely on *Logan v. Zimmerman Brush Co.*, 455 U.S. 432 (1982). Opp. at 21-22. But, as the Ninth Circuit has explained, *Logan* examined whether a state administrative agency's adjudicative procedures comported with due process, not whether the legislature could "create[] a substantive rule of law granting immunity to certain parties against certain types of claims." *Ileto v. Glock*, 565 F.3d 1126, 1142 (9th Cir. 2009); *accord Babb*, 378 F.Supp.3d at 880. That second type of procedural due process challenge, which Plaintiffs raise here, is governed by the established rule, stated in *Logan* itself, that "'the legislative determination provides all the process that is due.'" *Ileto*, 565 F.3d at 1142 (quoting *Logan*, 455 U.S. at 433; emphasis omitted); *accord Babb*, 378 F.Supp.3d at 880. Although Plaintiffs argue that *Ileto* was wrongly decided, Opp. at 22, it remains binding Ninth Circuit precedent

///

///

///

and Plaintiffs thus "argue against the application of *Ileto* to no avail." *Babb*, 378 F.Supp.3d at 880.[4]

Under the California Constitution, the procedural due process analysis is the same. *See Babb*, 378 F.Supp.3d at 879-80. In *Jenkins v. County of Los Angeles*, 74 Cal.App.4th 524 (1999), for example, the court rejected both federal and state constitutional due process challenges to the retroactive application of a statute that barred negligence claims where the plaintiff was injured while committing a felony. The court explained that "'the legislative determination provides all the process that is due.'" *Id.* at 537 (quoting *Logan*, 455 U.S. at 433); *accord Babb*, 378 F.Supp.3d at 880.[5]

***Substantive due process.*** Plaintiffs urge that Section 1159 violates substantive due process because it allegedly takes their property, without their consent, for the private use of another. Opp. at 23 n.120. Plaintiffs fail to identify the "property" allegedly taken, but – given that Section 1159 provides an immunity to state law causes of action – the property at issue can only be their common law claims. The Ninth Circuit has "squarely held that although a cause of action is a species of property, a party's property right in any cause of action does not vest until a final unreviewable judgment is obtained." *Ileto*, 565 F.3d at 1141 (internal quotations omitted); *accord Babb*, 378 F.Supp.3d at 881. Because Plaintiffs' property interest in their unadjudicated common law claims is not vested, Section 1159 may be given retroactive effect without offending substantive due process so long as the Legislature's decision was not "irrational or arbitrary." *Ileto* at 1140; *accord Babb*, 378

---

[4] Plaintiffs' attempt to distinguish *Ileto* on the ground that it involved statutory rather than common law claims, Opp. at 22, should be rejected for the same reason it was rejected in *Babb*. While the decision on which Plaintiffs rely, *Callet v. Alioto*, 210 Cal. 65 (1930) (cited in Opp. at 21 n.117), "did distinguish between statutory and common law causes of action, the California Supreme Court has since rejected this proposition, concluding that there is 'no constitutional basis for distinguishing statutory from common-law rights merely because of their origin.'" *Babb*, 378 F.Supp.3d at 880 n.12 (quoting *L.A. Cty. v. Superior Court*, 62 Cal.2d 839, 844 (1965)). Further, Plaintiffs are "simply wrong about *Ileto*, as it upheld a law 'intended to preempt common-law claims, such as general tort theories of liability.'" *Babb*, 378 F.Supp.3d at 880 n.12 (quoting *Ileto*, 565 F.3d at 1135).

[5] Plaintiffs rely on several California cases to support their procedural due process challenge, *see* Opp. at 21 n.117, that are not on point because the statute at issue changed procedures, not (as here) the underlying substantive law. *See Wells Fargo & Co. v. City & Cty. of S.F.*, 25 Cal.2d 37, 41 (1944) (statute shortening the time for bringing a claim to trial); *Rosefield Packing Co. v. Superior Court*, 4 Cal.2d 120, 121-22 (1935) (same); *Cal. Employment Stabilization Comm'n v. Payne*, 31 Cal.2d 210, 213 (1947) (statute retroactively extending the limitations period to revive claims).

F.Supp.3d at 881.  Similarly, under the California Constitution, the Legislature "can provide for retroactive application of a statute if it has a reasonable basis for doing so."  *L.A. Cty. v. Superior Court*, 62 Cal. 2d at 844; *Babb*, 378 F.Supp.3d at 880.  For the reasons articulated in *Babb*, Section 1159 easily passes rational basis review:

> First, Plaintiff['s] reliance interest is minimal in that *Abood* would have prevented [him] from any recovery of agency fees prior to *Janus*.  Further, §1159 serves the significant state interests of providing "certainty to public employers and employee organizations that relied on state law, and [avoiding] disruption of public employee labor relations" after *Janus*.  *See* Cal. Gov. Code §1159(e)(2). . . .  [T]he Union Defendants' reliance on *Abood* [was] reasonable and in good faith, and §1159 seeks to protect these reliance interests.  Further, the lawsuits that Section 1159 bars – including those currently before the Court – seek to impose massive retroactive liability on public employers and unions that relied on state law, which would certainly disrupt public employee labor relations.

378 F.Supp.3d at 881.

*Takings clause.*  Plaintiffs urge that Section 1159 violates the takings clause because it "effectuates a taking of his [sic] property …."  Opp. at 23 n.120.  But that argument fails for the same reason as Plaintiffs' substantive due process argument:  accrued state law claims are not "'*vested* property rights'" under the takings clause.  *Ileto*, 565 F.3d at 1141 (internal quotations omitted) (emphasis in *Ileto*); *accord Babb*, 378 F.Supp.3d at 881.

*Single subject rule.*  Plaintiffs' argument that SB 846, which contained Section 1159, violates the "single subject rule" of Article IV, Section 9 of the California Constitution, Opp. at 23-24, fails because that rule must "be construed liberally," and "'[n]umerous provisions, having one general object, if fairly indicated in the title, may be united in one act.'"  *Brosnahan v. Brown*, 32 Cal.3d 236, 246 (1982) (emphasis omitted) (quoting *Fair Political Practices Com. v. Superior Court*, 25 Cal.3d 33, 38-39 (1979)).  As *Babb* explained, "the title of Senate Bill 846 is 'Employment.'  Section 1159 and the rest of the sections … are 'reasonably germane' to employment.  Accordingly, the Court concludes that Senate Bill 846 does not violate the single-subject rule."  *Babb*, 378 F.Supp.3d at 882.  Plaintiffs cite no decision holding "employment" too broad a subject.  Moreover, even if Section 1159 violated the single subject rule, that would not help Plaintiffs because the remedy would be to invalidate the part of SB 846 not germane to its title.  Cal. Const., art. IV, §9.  Because SB 846 is entitled "employment," and Section 1159 is related to public employment, that provision would still be valid.

***Separation of powers.***  Finally, Plaintiffs urge that Section 1159 "violates the separation-of-powers doctrine" because it "denies Plaintiffs a judicial forum to assert his [sic] state-law claims." Opp. at 24 n.128 (citing *In re Nat'l Sec. Agency Telecomm. Records Litig.*, 671 F.3d 881, 899 (9th Cir. 2011)).  This argument is erroneous because, at least before entry of a final judgment, "'[t]he power … to change a law of the state is necessarily legislative in character.'" *Kugler*, 69 Cal.2d at 375 (quoting *Dougherty v. Austin*, 94 Cal. 601, 606-607 (1892)) (omission in original); *see also L.A. Cty.*, 62 Cal.2d at 844 ("Although the Legislature normally legislates prospectively, it can provide for retroactive application of a statute if it has a reasonable basis for doing so.").  Further, "*In re Nat'l Sec. Agency* states that separation of powers concerns would be raised if 'faced with a situation in which Congress has enacted legislation and simultaneously declared that legislation to be immune from any constitutional challenge by the plaintiff.'" *Babb*, 378 F.Supp.3d at 882 (quoting *In re Nat'l Sec. Agency*, 671 F.3d at 889).  But "Section 1159 does no such thing, and thus *In re Nat'l Sec. Agency* is irrelevant to Plaintiff['s] claims." *Id.*

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion, dismiss Plaintiffs' First Amended Complaint with prejudice, and enter judgment in favor of Defendants.

Dated:   June 3, 2020.                           Respectfully submitted,

SCOTT A. KRONLAND
JEFFREY B. DEMAIN
REBECCA C. LEE
Altshuler Berzon LLP

Attorneys for Defendants Service Employees International Union, and Service Employees International Union, Local 1000

ANNE M. GIESE
SEIU Local 1000

Attorney for Defendant Service Employees International Union, Local 1000


By: ___*/s/ Jeffrey B. Demain*___
         Jeffrey B. Demain