1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10                             ----oo0oo----

11

12   MARK GABRIELE; JEN-FANG LEE;        No. 2:19-cv-00292 WBS KJN
     STACY PENNING; CHARLES
13   FRIEDRICHS, as individuals, and
     on behalf of all others
14   similarly situated,              MEMORANDUM AND ORDER RE:
                                      MOTION TO DISMISS FIRST
15                Plaintiffs,         AMENDED COMPLAINT

16        v.

17   SERVICE EMPLOYEES INTERNATIONAL
     UNION, LOCAL 1000; SERVICE
18   EMPLOYEES INTERNATIONAL UNION,
     LOCAL 1020; NATIONAL EDUCATION
19   ASSOCIATION OF THE UNITED
     STATES; CALIFORNIA TEACHERS
20   ASSOCIATION; CALIFORNIA FACULTY
     ASSOCIATION,
21
                  Defendants.
22

23                             ----oo0oo----

24          Plaintiffs bring this action against Service Employees

25   International Union, Local 1000 ("Local 1000" or "union

26   defendant"), Service Employees International Union, Local 1020,

27   the National Education Association of the United States, the

28
                                    1

1   California Teachers Association, and the California Faculty

2   Association, alleging that defendants unlawfully deducted agency

3   fees from their paychecks prior to the Supreme Court's decision

4   in Janus v. American Federation of State, County, & Municipal

5   Employees, Council 31, 138 S. Ct. 2448 (2018).  Before the court

6   is defendant Local 1000's motion to dismiss (Docket No. 89).

7   I. Relevant Allegations

8           The court previously dismissed the claims of all but

9   plaintiffs Mark Gabriele and Jen-Fang Lee against Local 1000.

10  (Docket No. 30.)  Gabriele and Lee were at all relevant times

11  employees of the State of California.  (First Amended Complaint

12  ("FAC") ¶¶ 1, 2 (Docket No. 17).)  Local 1000 is plaintiffs'

13  exclusive collective bargaining representative.  (Id. ¶ 5.)

14  Although plaintiffs chose not to be members of Local 1000, prior

15  to the Supreme Court's decision in Janus, plaintiffs' employers

16  withheld fair-share fees from their wages and paid those fees to

17  union defendant Local 1000.  (Id. ¶¶ 1-2, 15.)

18          On June 27, 2018, the Supreme Court decided Janus and

19  held that payment to a union may not be collected from an

20  employee without the employee's affirmative consent.  138 S. Ct.

21  at 2486.  Plaintiffs then filed suit alleging the following

22  causes of action: (1) violation of plaintiffs First Amendment

23  right, 42 U.S.C. § 1983; (2) conversion; and (3) restitution.

24  (See generally FAC.)  Plaintiffs request a refund of fees

25  collected, as well as declaratory and injunctive relief.  (Id. ¶

26  45.)  Defendants now move to dismiss the complaint.

27  II. Discussion

28          A. Injunctive and Declaratory Relief

1    Plaintiffs seek declaratory judgment providing that the
2  collection of agency fees, and any state statute or collective
3  bargaining agreement that provides for such a collection, is
4  unconstitutional under the First Amendment.  (Id. ¶ 45(B).)
5  Plaintiffs also ask the court to enjoin defendants from
6  collecting or receiving agency fees.  (Id. ¶ 45(C).)

7    For the following reasons, the court finds that
8  plaintiff's claims for declaratory and injunctive relief are moot
9  because the Supreme Court in Janus already declared all
10  collections of agency fees to be unconstitutional and because the
11  collection of agency fees permanently ended immediately after
12  Janus.

13    1. Legal Standard

14    Article III grants federal courts authority to
15  adjudicate cases and controversies.  Already, LLC v. Nike, Inc.,
16  568 U.S. 85, 90 (2013).  "A case becomes moot—-and therefore no
17  longer a 'Case' or 'Controversy' for purposes of Article III—-
18  'when the issues presented are no longer "live" or the parties
19  lack a legally cognizable interest in the outcome.'"  Rosebrock
20  v. Mathis, 745 F.3d 963, 971-72 (9th Cir. 2014) (citing Already,
21  568 U.S. at 91).  The party asserting mootness must show that the
22  "allegedly wrongful behavior could not reasonably be expected to
23  recur."  Already, 568 U.S. at 91 (quoting Friends of the Earth,
24  Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 190
25  (2000)).

26    2. Injunctive Relief

27    At the outset, the court notes that "every other
28  district court to consider this issue has found claims for

3

1   prospective relief moot after Janus." See Babb v. Cal. Teachers

2   Ass'n, 378 F. Supp. 3d 857, 871 (C.D. Cal. 2019) (citing Cook v.

3   Brown, 364 F. Supp. 3d 1184, 1188 (D. Or. 2019); Carey v. Inslee,

4   364 F. Supp. 3d 1220, 1225-27 (W.D. Wash. 2019); Danielson v.

5   Inslee, 345 F. Supp. 3d 1336, 1339-40 (W.D. Wash. 2018)); see

6   also Penning v. Service Emps. Int'l Union, Local 1021, No. 19-cv-

7   03624-YGR, 2020 WL 256126, at *1 (N.D. Cal. Jan. 16, 2020);

8   Seidemann v. Prof'l Staff Congress Local 2334, 432 F. Supp. 3d

9   367 (S.D.N.Y. 2020); Lee v. Ohio Educ. Ass'n, 366 F. Supp. 3d

10  980, 981-82 (N.D. Ohio 2019); Crockett v. NEAAlaska, 367 F. Supp.

11  3d 996, 1002-03 (D. Alaska 2019); Lamberty v. Conn. State Police

12  Union, No. 3:15-cv-378 (VAB), 2018 WL 5115559 at *6-9 (D. Conn.

13  Oct. 19, 2018); Danielson v. AFSCME Council 28, 340 F. Supp. 3d

14  1083, 1084 (W.D. Wash. 2018), aff'd, 945 F.3d 1096 (9th Cir.

15  2019); Yohn v. Cal. Teachers Ass'n, 17-cv-202-JLS-DFM, 2018 WL

16  5264076, at *3-4 (C.D. Cal. Sept. 28, 2018).

17          This court agrees that because it cannot reasonably be

18  expected that the union defendants will resume withholding agency

19  fees in contravention of Janus, plaintiffs' claim for injunctive

20  relief is moot.  The Janus court held that states and public-

21  sector unions cannot compel the payment of agency fees from

22  nonconsenting employees because such a practice violates the

23  First Amendment.  138 S. Ct. at 2486.  On June 28, 2018, the day

24  after Janus was decided, the California State Controller's Office

25  cancelled the deduction of agency fees in compliance with Janus.

26  (Ex. 3 (Docket No. 42-2).)  The Controller's Office also said

27  that it would refund all June 2018 agency fees.  (Id.)  The

28  California Attorney General then issued an advisory statement

4

1  concerning the Supreme Court's decision in Janus, explaining that

2  the state "may no longer automatically deduct a mandatory agency

3  fee from the salary or wages of a non-member public employee who

4  does not affirmatively choose to financially support the union."

5  (Ex. 4 (Docket No. 42-2).)

6         Similarly, in-house counsel for Local 1000 has filed an

7  affidavit stating that the union ceased the collection agency

8  fees following Janus.  (See Decl. of Anne M. Giese ("Giese

9  Decl.") ¶¶ 3, 9 (Docket No. 42-2).)  Union counsel agrees that

10  the entire practice is unconstitutional in light of Janus and

11  that this determination binds the union. (Giese Decl. ¶ 9.)  And

12  even if the union decided to withdraw fees in violation of Janus,

13  the union would be incapable of doing so because only the State

14  Controller's Office actually deducts the fees.  (Id. ¶ 10.)

15  These circumstances demonstrate that defendant Local 1000 is not

16  likely to withdraw agency fees from nonconsenting employees.

17         Plaintiffs point out that the California statutes

18  authorizing the deduction of agency fees have not been repealed.

19  (Opp'n at 1 (Docket No. 46).)  However, this court has previously

20  found, under identical circumstances, that the repeal of the

21  California statutes is not a requirement for this court to

22  declare this case moot.  See Hamidi v. Serv. Emps. Int'l Union

23  Local 1000, 386 F. Supp. 3d 1289, 1297 (E.D. Cal. 2019).  "The

24  mere presence on the statute books of an unconstitutional

25  statute, in the absence of enforcement or credible threat of

26  enforcement, does not entitle anyone to sue."  Id. (quoting

27  Winness v. Yocom, 433 F.3d 727, 732 (10th Cir. 2006)).  For the

28  reasons above, the court finds that such a threat does not exist,

1    and plaintiffs' claim for injunctive relief is moot.[1]

2            3. <u>Declaratory Relief</u>

3            "The test for mootness is 'not relaxed in the

4    declaratory judgment context.'"  <u>Id.</u> at 1295 (quoting <u>Gator.com</u>

5    <u>Corp. v. L.L. Bean, Inc.</u>, 398 F.3d 1125, 1129 (9th Cir. 2005) (en

6    banc)).  Plaintiffs must demonstrate that "a substantial

7    controversy . . . of sufficient immediacy and reality to warrant

8    the issuance of a declaratory judgment" exists.  <u>Id.</u> (quoting

9    <u>Gator.com</u>, 398 F.3d at 1129).

10           Applying this standard here, the court finds that

11   plaintiffs' claim for declaratory relief is also moot.  The

12   complaint requests declaratory judgment providing that it is

13   "unconstitutional under the First Amendment . . . to withhold or

14   require payment of fair share service fees or agency fees from

15   [p]laintiffs"; that the state statutes "that allow the imposition

16   of fair share service fees are unconstitutional under the First

17   Amendment [and] null and void]"; and that "any collective

18   bargaining agreement provision imposing fair share service fees

19   or agency fees against [p]laintiffs . . . is unconstitutional

20   under the First Amendment [and] null and void."  (FAC ¶ 45(B).)

21   The action plaintiffs object to -- the nonconsensual deduction of

22

23           [1]    To the extent that plaintiffs are relying on the
     voluntary cessation exception to mootness, that exception does
24   not apply here.  "Under Ninth Circuit precedent, 'voluntary
     cessation must have arisen <u>because of</u> the litigation' for this
25   exception to mootness to apply."  <u>Hamidi</u>, 386 F. Supp. 3d at
     1295-96 (quoting <u>Pub. Utilities Comm'n of State of Cal. v.</u>
26   <u>F.E.R.C.</u>, 100 F.3d 1451, 1460 (9th Cir. 1996) (emphasis in
     original)).  Here, plaintiffs filed suit months after defendants
27   ceased the collection of agency fees, so defendant's voluntary
     cessation was not a result of this litigation.
28

1    agency fees -- ceased months before plaintiffs filed suit,

2    however.  At this point, the controversy is neither sufficiently

3    immediate nor real enough to warrant a declaratory judgment.

4         Plaintiffs argue that neither the unions nor the Public

5    Employment Relations Board ("PERB") has declared anything

6    unconstitutional and that Janus did not address the California

7    statutes, specifically.  Again, however, given the circumstances

8    described above, it cannot reasonably be expected that these

9    statutes will be used to collect fees in contravention of Janus

10   in the future.  "[T]he existence of potentially problematic

11   agreements and laws is not sufficient to overcome mootness."  Cf.

12   Cook, 364 F. Supp. 3d at 1190 (finding request for declaratory

13   relief moot despite Janus not addressing Oregon statutes and

14   bargaining agreements, specifically).  The court will therefore

15   dismiss plaintiffs' claim for declaratory relief as moot.

16        B.  Good Faith Defense

17        In requesting a refund for agency fees collected from

18   plaintiffs in violation of Janus, plaintiffs ask the court to

19   apply Janus retroactively.  The Ninth Circuit, however, recently

20   held that, where the union defendant "relied on presumptively-

21   valid state law and then-binding Supreme Court precedent," the

22   union defendant is entitled to a good-faith defense and "is not

23   retrospectively liable" for pre-Janus collection of agency fees.

24   Danielson v. Inslee, 945 F.3d 1096, 1103, 1105 (9th Cir. 2019).

25   Danielson is the law of the circuit and binds this court.

26        Here, it is undisputed that the union defendants relied

27   on presumptively valid state statutes and then-applicable Supreme

28   Court precedent.  Accordingly, the good faith defense applies and

7

1  the court will dismiss plaintiffs' claim for a refund of fees

2  collected.

3          All of plaintiffs' arguments in response merely

4  disagree with the Ninth Circuit's decision in Danielson.  (Opp'n

5  at 4 ("Plaintiffs disagree with almost every part of Danielson

6  related to the good-faith defense."); id. at 6 ("Danielson

7  wrongly rejects the most analogous tort analysis."); compare id.

8  at 10 ("Owen [v. City of Independence, Mo., 455 U.S. 622, 654-55

9  (1980)] shows that the Unions are not entitled to a good-faith

10  defense."), with Danielson, 945 F.3d at 1103 ("The good faith

11  defense applies to the Union as a matter of law.").)  Ninth

12  Circuit precedent, however, is binding on this court, and because

13  plaintiffs fail to identify any meaningful distinction between

14  this case and Danielson, the court will follow the Ninth Circuit.

15  Accordingly, union defendants here are entitled to the good faith

16  defense and, as a matter of law, cannot be liable for agency fees

17  collected prior to Janus.

18      C. State Law Claims

19          Defendants argue that plaintiffs' state law claims are

20  preempted by the Dills Act, Cal. Gov't Code §§ 3512-3524, and

21  that PERB has exclusive jurisdiction over these claims.  The

22  court agrees and finds that plaintiff's state law claims for

23  conversion and restitution are preempted by the Dills Act.  See

24  Babb, 378 F. Supp. 3d at 877-78; Penning v. Service Emps. Int'l

25  Union, Local 1021, 424 F. Supp. 3d 684, 686 (N.D. Cal. 2020).

26          Plaintiffs' allegations under the state law claims

27  identify conduct expressly permitted by the Dills Act, and

28  therefore that conduct cannot form the basis for common law

1   claims.  Plaintiffs' employment is governed by the Dills Act.

2   (See Complaint ¶¶ 1-2; Cal. Gov't Code §3513(c).)  The Act

3   expressly permits the collection of fair-share fees.  (See Cal.

4   Gov't Code §§ 3512, 3515, 3515.7.)  Because the common law is

5   necessarily displaced by a statute, the collection of fair-share

6   fees is not a violation of state common law.  See Babb, 378 F.

7   Supp. 3d at 877 ("'Janus does not change the fact that [the

8   state's public employee collective-bargaining statute] displaced

9   any state common law tort claims that could have been brought

10  with regard to [fair-share fees] collected prior to Janus.'"

11  (quoting Crockett, 367 F. Supp. 3d at 1009; substitutions

12  altered)); Cal. Civ. Code § 22.2 ("The common law . . . so far as

13  it is not . . . inconsistent with . . . laws of this State, is

14  the rule of decision in all the courts of this State.").

15          Further, PERB possesses "exclusive jurisdiction" over

16  matters covered by the Act, subject to appeal to the California

17  Courts of Appeal.  Cal. Gov't Code §§ 3514.5.  Pursuant to

18  Section 3514.5, that "exclusive jurisdiction" extends to "[t]he

19  initial determination as to whether the charges of unfair

20  practices are justified, and, if so, what remedy is necessary to

21  effectuate the purposes of this chapter," i.e., whether a

22  violation of the Act has occurred and, if so, what remedy should

23  be ordered.  Cal. Gov't Code § 3514.5.  Noting "the broad powers

24  expressly conferred upon PERB," El Rancho Unified School District

25  v. National Education Association, 33 Cal. 3d 946, 953 (1983),

26  the California Supreme Court has held that identical language[2] in

27  ────────────────

28          [2]   Compare EERA, Cal. Gov't Code § 3541.5 ("The initial
    determination as to whether the charges of unfair practices are

9

1    California's Educational Employment Relations Act ("EERA")

2    "broadly preempts state tort claims that allege conduct that is

3    even 'arguably protected or prohibited under EERA.'"  Babb, 378

4    F. Supp. 3d at 877 (quoting El Rancho, 33 Cal.3d at 960).  The

5    Dills Act therefore strips the courts' jurisdiction not only to

6    adjudicate claims arising from conduct that is prohibited or

7    protected by the Act, but also to determine whether conduct is in

8    fact prohibited or protected by the Act, as long as it is

9    arguably prohibited or protected.  Because plaintiffs' claims

10   depend on whether the unions are entitled to keep the fair share

11   fees that the Dills Act arguably permitted the unions to collect,

12   PERB has exclusive jurisdiction over these claims.

13        Plaintiffs assert that their common law claims are not

14   preempted because those claims do not arise from conduct

15   constituting "unfair practices" under the Dills Act but, at most,

16   conduct that is protected or prohibited by the Act. (Opp'n at

17   18.)  But the courts have rejected the argument that preemption

18   is limited to claims arising from conduct that would constitute

19   an "unfair practice," as opposed to some other violation of the

20   Dills Act.  See Babb, 378 F. Supp. 3d at 877-78; Leek v. Wash.

21   Unified Sch. Dist., 124 Cal. App. 3d 43, 48-49 (Third Dist.

22   1981); accord Link v. Antioch Unified Sch. Dist., 142 Cal. App.

23   3d 765, 768-69 (1st Dist. 1983).  Indeed, the very case

24   _____

25   justified, and, if so, what remedy is necessary to effectuate the
     purposes of this chapter, shall be a matter within the exclusive

26   jurisdiction of the board."), with Dills Act, Cal. Gov't Code §
     3514.5 ("The initial determination as to whether the charges of

27   unfair practices are justified, and, if so, what remedy is
     necessary to effectuate the purposes of this chapter, shall be a

28   matter within the exclusive jurisdiction of the board.").

1   plaintiffs ask the court to rely on for their proposition that

2   PERB has limited jurisdiction (Opp'n. at 18) explicitly declines

3   to limit PERB's jurisdiction only to claims alleging unfair

4   practices under the Act.  See Hott v. Coll. of Sequoias Cmty.

5   Coll. Dist., 3 Cal. App. 5th 84, 94 (5th Dist. 2016) ("PERB's

6   exclusive jurisdiction extends to all alleged violations of [the

7   Act], not just those which constitute unfair practices.").  PERB

8   instead has jurisdiction to adjudicate both unfair practices and

9   whether conduct is protected or prohibited by the Act.  See id.

10          Next, plaintiffs argue that their complaint does not

11   allege a violation of the Dills Act.  (Opp'n at 18-19.)

12   Specifically, plaintiffs contend that the Dills Act is

13   "irrelevant" to their claims because, regardless of what the

14   Dills Act provides, the unions' receipt of any agency fees

15   constituted conversion.  Id.  Plaintiffs, however, are not

16   permitted to "plead around" preemption by not alleging Dills Act

17   violations.  Instead, "what matters is whether the underlying

18   conduct on which the suit is based -- however described in the

19   complaint -- may fall within PERB's exclusive jurisdiction." El

20   Rancho, 33 Cal. 3d at 954 n.13.; cf. Link, 142 Cal. App. 3d at

21   769 (finding that claims fall under PERB's exclusive jurisdiction

22   where plaintiffs alleged only constitutional challenges).  The

23   preemption question therefore turns on whether plaintiffs' claims

24   arise from conduct that is protected, prohibited, or arguably

25   protected or prohibited under the Dills Act, regardless of the

26   legal labels they assign to their claims.  Because the Dills Act

27   expressly authorizes the collection of agency fees, Cal. Gov.

28   Code §§ 3513(k), "[c]hallenges to agency fees, even on

1    constitutional grounds, are subject to [PERB's] exclusive

2    jurisdiction." <u>Babb</u>, 378 F. Supp. 3d at 877.  Accordingly, the

3    court lacks jurisdiction to hear plaintiff's state law claims.

4              IT IS THEREFORE ORDERED that defendants' motion to

5    dismiss (Docket No. 89) be, and the same hereby is, GRANTED.  All

6    claims against defendants are DISMISSED.  Because all of

7    plaintiff's claims must be dismissed as a matter of law, any

8    amendment would be futile, and no leave to amend is granted.

9              The Clerk of Clerk shall enter final judgment in favor

10   of defendants.

11   Dated:  June 11, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12